UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| EBONY SUMMERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV622-051 |
| | ) | |
| TRACY PAGE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AND REPORT AND RECOMMENDATION**

The Court previously granted *pro se* plaintiff Ebony Summers' request to proceed *in forma pauperis*. Doc. 7. He has returned the required forms. *See* docs. 9 & 10. He has additionally filed a Motion for Preliminary Injunction, doc. 8, a "Motion to Request the Court to Have Warden Comply with GDC Grievance Policy," doc. 11, an Amended Complaint, doc. 12, and a letter seeking "a transfer to a safer prison," doc. 13 at 2. Those filings are addressed below.

I. **Motion for Preliminary Injunction and Transfer**

Summers' Motion for Preliminary Injunction objects to the lack of security and prevalence of violence at Rogers State Prison. *See* doc. 8 at

1

1-2. It includes allegations that may be intended as an amendment or supplement to his Complaint. *See id.* at 4-10. He requests that the Court "help [him] move to another prison that does not operate outside of the GDC policy and state laws." *Id.* at 11. He requests similar relief in a letter to the District Judge assigned to this case.[1] *See* doc. 13 at 2. His Motion for Preliminary Injunction should be **DENIED**. Doc. 8.

"In this Circuit, a preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion as to each of the four prerequisites"; namely (1) a substantial likelihood of success on the merits; (2) that the movant will suffer irreparable injury unless the injunction issues; (3) that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that the injunction would not be adverse to the public interest. *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (internal quotation marks, alterations, and citations omitted). "[G]ranting or denying a . . . preliminary injunction rests

---

[1] Letters to judges are not appropriate to seek any relief or court action. As this Court has explained, "if a litigant seeks judicial action of any sort . . ., it must be contained within a *motion* . . . . It cannot be requested in a personal *letter* to a judge." *In re Unsolicited Letters to Federal Judges*, 120 F. Supp. 2d 1073, 1074 (S.D. Ga. 2000).

within the discretion of the district court." *Hernandez v. Inch*, 2021 WL 5361086, at *1 (N.D. Fla. Oct. 8, 2021) (citing *Carillon Imps., Ltd. v. Frank Pesce Int'l Grp. Ltd.*, 112 F.3d 1125, 1126 (1997)).

This Court has denied similar requests for preliminary injunctions seeking "transfer . . . to a 'non-violent' . . . prison[ ]." *See Harris v. Deal*, 2016 WL 7856418, at *1 (S.D. Ga. Dec. 13, 2016). There, as here, "Plaintiff has not addressed any of the four requirements for obtaining injunctive relief, much less met his burden of persuasion as to those requirements." *Id.* Moreover, as the Court noted, "federal courts should refrain from unwarranted interference in the day-to-day operations of state prisons." *Id.* at *2 (citing *Prieser v. Rodriguez*, 411 U.S. 475, 491-92 (1973)). Finally, "it is well settled that [a prisoner] has no constitutional right to confinement in a particular prison . . . ." *Alverson v. Mills*, 2020 WL 1979570, at *2 (M.D. Ala. Mar. 17, 2020), *adopted* 2020 WL 1975374 (M.D. Ala. Apr. 24, 2020) (denying "motion for preliminary injunction[ ] seeking a transfer to a less violent dorm and to [another prison].") Accordingly, Summers' Motion for Preliminary Injunction should be **DENIED**.

## II. Grievance Complaint

Summers has filed a document titled "Motion to Request the Court to Have Warden Comply with GDC Grievance Policy." Doc. 11. Specifically, he objects to the fact that his grievances are not returned within the time specified by Georgia Department of Corrections policy. *See id.* at 1. To the extent that his filing requests preliminary injunctive relief, it suffers from the same defects as his express motion for such relief, discussed above. Moreover, there is no constitutional right to jail grievance procedures, so any procedural problems arising from a prison's processing of grievances cannot support relief under § 1983. *See Baker v. Rexroad*, 159 F. App'x 61, 62 (11th Cir. 2005); *see also, e.g., Adams v. Rice*, 40 F3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."). Because his Motion is meritless, it should be **DENIED**. Doc. 11.

## III. Amended Pleadings

Summers' filings include allegations that might be intended to supplement or amend the claims asserted in his Complaint. *See, e.g.,* doc. 8 at 4-11. He has also submitted a document titled "Official

Complaint," which includes additional allegations, but is directed "to the attention of O.S.H.A.," presumably the United States Occupational Safety and Health Administration.  *See* doc. 12 at 1.  The allegations in that document appear related to his allegation in the Complaint concerning the lack of fire safety systems.  *Compare* doc. 1 at 4 (alleging "[t]he Segregation and General Population Housing Units at Rogers State Prison does [sic] not have any fire sprinkler systems or smoke detectors . . ."), *with, e.g.,* doc. 12 at 4 ("Absent any fire and safety protection places all lives in danger." (capitalization corrected)).  The Court cannot cobble together allegations spread over multiple pleadings to evaluate Summers' claims.  *See Swain v. Stewart*, 2019 WL 2366440, at *3 (S.D. Ga. June 4, 2019).

Summers' most recent filing is also not submitted on the Court's standard form for § 1983 complaints.  In *Williams v. Freesemann*, 2015 WL 6798946 at *1 n. 4 (S.D. Ga. Oct. 15, 2015), this Court noted that some inmate-litigants bypass those forms in favor of "home-brewed" filings.  Adverse factors can motivate that effort.  The Court's forms force inmates to answer questions aimed at capturing things like 28 U.S.C. § 1915(g) strikes and exhaustion of administrative remedies.

*See, e.g.*, *Bright v. Corizon Health Corp.*, 2015 WL 9257155 at * 1 (S.D. Ga. Dec. 18, 2015) ("Bright's incentive to omit his prior case information is strong because of the § 1915(g) three-strike bar."). Plaintiffs filing hand-written complaints typically omit those prophylactic questions from their filings.

Accordingly, plaintiff must submit a Second Amended Complaint consolidating all of his claims and presenting them using the Court's form. Plaintiff is therefore **DIRECTED** to complete the attached Form Pro Se 14 Complaint for Violation of Civil Rights (Prisoner)[2] no later than February 3, 2023. Summers is advised that his Second Amended Complaint will supersede the original version and must be complete in itself. *See, e.g.*, *Pintando v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243 (11th Cir 2007); *Malowney v. Dec. Collection Deposit Grp.*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999). He is further advised that failure

---

[2] The Clerk is **DIRECTED** to include a blank copy of the Court's Form Pro Se 14 Complaint for Violation of Civil Rights (Prisoner) with the service copy of this Order.

to timely comply with the Court's Order may result in a recommendation of dismissal. *See* Fed. R. Civ. P. 41(b).

## IV. Filing Fee

Finally, the Court must assess Summers' filing fee. *See* 28 U.S.C. § 1915(b). Plaintiff's prisoner trust fund account statement reflects average monthly deposits and balance of zero dollars. Doc. 9 at 1. Based upon his furnished information, he does not owe an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). His account custodian shall set aside 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches $10, until the balance of the Court's $350 filing fee has been paid in full. In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from plaintiff shall be

collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this Order.[3]

## V. Conclusion

In summary, Summers' Motion for Preliminary Injunction should be **DENIED**. Doc. 8. His "Motion to Request the Court to Have Warden Comply with GDC Grievance Policy," construed as a request for injunctive relief, should also be **DENIED**. Doc. 11. Finally, he is **DIRECTED** to submit a Second Amended Complaint, using the Court's form, no later than February 3, 2023.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and

---

3 The Clerk is **DIRECTED** to send this Order to plaintiff's account custodian immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required. In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from plaintiff shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this Order.

Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED,** this 6th day of January, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

9